IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,483






EX PARTE MICHAEL ANDRE REED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W94-39576-Q(B) IN THE 204TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty-five years' imprisonment. 

 On February 26, 1997, this Court issued an opinion granting Applicant an out-of-time appeal,
because his trial counsel failed to file a written notice of appeal on his behalf. No out-of-time appeal
was ever filed. In this, his second writ, Applicant again contends that he was denied his right to
appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

 The trial court has determined that there is no indication that Applicant was ever notified of
this Court's opinion granting him an out-of-time appeal. Nor was counsel ever appointed to assist
Applicant in the filing of an out-of-time appeal. We find, therefore, that Applicant is again entitled
to the opportunity to file an out-of-time appeal of the judgment of conviction in Case No. W94-39576-Q(B) from the 204th Judicial District Court of Dallas County, Texas. The court shall first
decide whether Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires to be represented by counsel, the trial court will then appoint an attorney to represent him on
direct appeal. Applicant is ordered returned to that time at which he may give a written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. 

 All time limits shall be calculated as if the sentence had been imposed on the date on which
the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he
must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the
mandate of this Court issues.


Delivered: August 30, 2006

Do Not Publish